# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 17, 2013

No. 12-51217
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO AVILES-LOPEZ,

Defendant-Appellant

Cons. w/ No. 12-51231

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO LOPEZ AVILES,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-635-1
USDC No. 2:12-CR-772-1

No. 12-51217
c/w No. 12-51231

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Francisco Aviles-Lopez (Aviles) pleaded guilty of re-entering the United States illegally after removal, and he was sentenced at the top of the guidelines imprisonment range to a 41-month term of imprisonment and to a three-year period of supervised release. Aviles's supervised release in a prior case was revoked and he was sentenced to a 21-month term of imprisonment, 10 months of which were ordered to be served concurrently and 11 months of which were ordered to be served consecutively. Thus, Aviles was sentenced to a total term of imprisonment of 52 months and to a three-year period of supervised release. Aviles gave timely notice of his appeals from the judgment of conviction and the order of revocation. The two appeals have been consolidated.

Aviles contends that the sentence imposed was greater than necessary to satisfy the statutory sentencing factors. After *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for procedural error and substantive reasonableness under an abuse of discretion standard. *United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010) (citing *Gall v. United States*, 552 U.S. 38, 50-51 (2007)). This court applies a presumption of reasonableness to properly calculated within-guidelines sentences. *United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012).

Aviles asserts that the Guideline governing his illegal re-entry case double counted his prior criminal convictions and that the presumption of reasonableness should not apply because the Guideline is not empirically based; he contends that application of the Guideline sometimes results in sentences that are too high to fulfill the statutory sentencing goals. These contentions are

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

foreclosed.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

Next, Aviles complains that the 52-month sentence overstated the seriousness of his unlawful re-entry case.  He contends that, at bottom, his offense was merely an international trespass.  We have rejected similar arguments previously.  *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

Lastly, Aviles contends that the 52-month sentence failed to reflect his personal history and characteristics.  In imposing the sentence, the district court noted that Aviles had an extensive criminal history.  Although many of his offenses were not scored, the court observed, Aviles had an unusually high criminal history score.  The district court's comments reflect that it was aware of and understood the circumstances that caused Aviles to return to the United States.  Aviles has not shown that, in imposing the sentence, the district court failed to account for factors that should receive significant weight, that it gave significant weight to irrelevant or improper factors, or that it made a clear error of judgment in balancing the statutory sentencing factors.  *See Rashad*, 687 F.3d 644.  Nor has he shown that the sentence imposed upon revocation of his supervised release was plainly unreasonable.  *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).  The judgment of conviction and the order revoking Aviles's supervised release are AFFIRMED.